UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>c/o Department of Justice<br>Washington, D.C. 20530,<br>                            *Plaintiff,*<br><br>     v.<br><br>CLARENCE L. WERNER<br>c/o Werner Enterprises, Inc.<br>14507 Frontier Road<br>Omaha, NE 68138<br><br>                            *Defendant.* | Civil Action No. |

**COMPLAINT FOR CIVIL PENALTIES FOR FAILURE TO COMPLY
WITH THE PREMERGER REPORTING AND WAITING REQUIREMENTS
OF THE HART-SCOTT RODINO ACT**

The United States of America, acting under the direction of the Attorney General of the United States and at the request of the United States Federal Trade Commission, brings this civil antitrust action to obtain monetary relief in the form of civil penalties against Defendant Clarence L. Werner ("Werner"). The United States alleges as follows:

                        I.        NATURE OF THE ACTION

        1.        Werner violated the notice and waiting period requirements of Section 7A of the Clayton Act, (15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976 "HSR Act" or "Act"), with respect to the acquisition of voting securities of Werner Enterprises, Inc. ("Werner Inc.") from May 2007 through February 2020.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and over Defendant by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

3. Venue is proper in this District by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

## III. THE DEFENDANT

4. Defendant Werner is a natural person with his principal office and place of business at 14507 Frontier Road, Omaha, NE 68138. Werner is the founder of Werner Inc. and during the relevant period alternatively served as the Chairman, Chairman Emeritus, and Executive Chairman of its Board of Directors. Werner is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1). At all times relevant to this complaint, Werner had sales or assets that met the operative threshold.

## IV. OTHER ENTITY

5. Werner Inc. is a corporation organized under the laws of Nebraska with its principal place of business at 14507 Frontier Road, Omaha, NE 63138. Werner Inc. is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1). At all times relevant to this complaint, Werner Inc. had sales or assets that met the operative threshold.

V.     THE HART-SCOTT-RODINO ACT AND RULES

6.     The HSR Act requires certain acquiring persons and certain persons whose voting securities or assets are acquired to file notifications with the Department of Justice and the Federal Trade Commission (collectively, the "federal antitrust agencies") and to observe a waiting period before consummating certain acquisitions of voting securities or assets. 15 U.S.C. § 18a(a) and (b). These notification and waiting period requirements apply to acquisitions that meet the HSR Act's size of transaction and size of person thresholds, which have been adjusted annually since 2004. The size of transaction threshold is met for transactions valued over $50 million, as adjusted ($94 million in 2020). In addition, there is a separate filing requirement for transactions in which the acquirer will hold voting securities in excess of $100 million, as adjusted ($188 million in 2020), and for transactions in which the acquirer will hold voting securities in excess of $500 million, as adjusted ($940.1 million in 2020). With respect to the size of person thresholds, the HSR Act requires one person involved in the transaction to have sales or assets in excess of $10 million, as adjusted ($18.8 million in 2020), and the other person to have sales or assets in excess of $100 million, as adjusted ($188 million in 2020).

7.     The HSR Act's notification and waiting period requirements are intended to give the federal antitrust agencies prior notice of, and information about, proposed transactions. The waiting period is also intended to provide the federal antitrust agencies with the opportunity to investigate a proposed transaction and to determine whether to seek an injunction to prevent the consummation of a transaction that may violate the antitrust laws.

8. Pursuant to Section (d)(2) of the HSR Act, 15 U.S.C. § 18a(d)(2), rules were promulgated to carry out the purposes of the HSR Act. 16 C.F.R. §§ 801-03 ("HSR Rules"). The HSR Rules, among other things, define terms contained in the HSR Act.

9. Pursuant to Section 801.13(a)(1) of the HSR Rules, 16 C.F.R. § 801.13(a)(1), "all voting securities of [an] issuer which will be held by the acquiring person after the consummation of an acquisition" – including any held before the acquisition – are deemed held "as a result of" the acquisition at issue.

10. Pursuant to Sections 801.13(a)(2) and 801.10(c)(1) of the HSR Rules, 16 C.F.R. § 801.13(a)(2) and § 801.10(c)(1), the value of voting securities already held is the market price, defined to be the lowest closing price within 45 days prior to the subsequent acquisition.

11. Section 802.21 of the HSR Rules, 16 C.F.R. § 802.21, provides that, once a person has filed under the HSR Act and the waiting period has expired, that person can acquire additional voting securities of the same issuer without filing a new notification for five years from the expiration of the waiting period, so long as the value of the person's holdings do not exceed a threshold higher than was indicated in the filing ("802.21 exemption").

12. Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), provides that any person, or any officer, director, or partner thereof, who fails to comply with any provision of the HSR Act is liable to the United States for a civil penalty for each day during which such person is in violation. Pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), the dollar amounts of civil penalties listed in Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, are adjusted annually for inflation; the maximum

amount of civil penalty in effect at the time of Werner's corrective filing was $43,280 per day. 85 Fed. Reg. 2014 (January 14, 2020).

## VI. DEFENDANT'S VIOLATION OF THE HSR ACT

13. On May 14, 2007, Werner exercised options to acquire 475,000 Werner Inc. voting securities, which resulted in his aggregated holdings of Werner Inc. voting securities exceeding the $100 million threshold, as adjusted, which in May 2007, was $119.6 million. Although required to do so, Werner did not file under the HSR Act or observe the HSR Act's waiting period prior to completing the May 14, 2007, transaction.

14. Werner continued to acquire Werner Inc. voting securities through open market purchases, the exercise of options, and otherwise.

15. Werner acquired 320,100 voting securities on November 18, 2009, 8,500 voting securities on November 24, 2009, 59,406 voting securities on November 27, 2009, and 32,094 voting securities on November 30, 2009. All of these acquisitions were made on the open market. Open market acquisitions require an acquirer to affirmatively and actively decide to acquire voting securities; in particular for very large open market acquisitions, it is not excusable negligence to be unaware of HSR Act legal requirements.

16. On November 20, 2012, Werner exercised options to acquire 100,000 Werner Inc. voting securities, which resulted in his aggregated holdings of Werner Inc. voting securities again exceeding the $100 million threshold, as adjusted, which in November 2012, was $136.4 million. Although required to do so, Werner did not file under the HSR Act or observe the HSR Act's waiting period prior to completing the November 20, 2012 transaction. Thereafter, Werner continued to acquire Werner Inc. voting securities.

17. On February 7, 2019, Werner received 3,738 Werner Inc. voting securities with the vesting of a tranche of restricted stock, which resulted in his aggregated holdings of Werner Inc. voting securities again exceeding the $100 million threshold, as adjusted, which in February 2019, was $168.8 million. Although required to do so, Werner did not file under the HSR Act or observe the HSR Act's waiting period prior to completing the February 7, 2019 transaction.

18. On January 17, 2020, Werner's counsel contacted the Premerger Notification Office ("PNO") of the Federal Trade Commission to inform PNO staff that counsel was analyzing a situation that counsel anticipated would likely entail multiple post-consummation filings. As of that date, Werner, through his counsel, was aware that he had violated the HSR Act.

19. Thereafter, Werner made additional acquisitions of Werner Inc. voting securities on February 7 and 11, 2020, through the vesting of restricted stock awards. Werner did not file an HSR notification prior to either of these acquisitions.

20. On March 4, 2020, Werner made corrective filings under the HSR Act for the acquisitions he made on May 14, 2007, November 20, 2012, and February 7, 2019. Each of these transactions resulted in Werner's aggregated holdings of Werner Inc. voting securities exceeding the $100 million threshold, as adjusted. Had Werner filed under the HSR Act for these three acquisitions on a timely basis, all his other acquisitions of Werner Inc. voting securities during the relevant period would have been exempt pursuant to the 802.21 exemption.

21. Werner was in continuous violation of the HSR Act from May 14, 2007, when he acquired the Werner Inc. voting securities valued in excess of the HSR Act's $100 million filing

17. On February 7, 2019, Werner received 3,738 Werner Inc. voting securities with the vesting of a tranche of restricted stock, which resulted in his aggregated holdings of Werner Inc. voting securities again exceeding the $100 million threshold, as adjusted, which in February 2019, was $168.8 million. Although required to do so, Werner did not file under the HSR Act or observe the HSR Act's waiting period prior to completing the February 7, 2019 transaction.

18. On January 17, 2020, Werner's counsel contacted the Premerger Notification Office ("PNO") of the Federal Trade Commission to inform PNO staff that counsel was analyzing a situation that counsel anticipated would likely entail multiple post-consummation filings. As of that date, Werner, through his counsel, was aware that he had violated the HSR Act.

19. Thereafter, Werner made additional acquisitions of Werner Inc. voting securities on February 7 and 11, 2020, through the vesting of restricted stock awards. Werner did not file an HSR notification prior to either of these acquisitions.

20. On March 4, 2020, Werner made corrective filings under the HSR Act for the acquisitions he made on May 14, 2007, November 20, 2012, and February 7, 2019. Each of these transactions resulted in Werner's aggregated holdings of Werner Inc. voting securities exceeding the $100 million threshold, as adjusted. Had Werner filed under the HSR Act for these three acquisitions on a timely basis, all his other acquisitions of Werner Inc. voting securities during the relevant period would have been exempt pursuant to the 802.21 exemption.

21. Werner was in continuous violation of the HSR Act from May 14, 2007, when he acquired the Werner Inc. voting securities valued in excess of the HSR Act's $100 million filing

threshold, as adjusted, through April 3, 2020, when the waiting period expired on his corrective filings.

## VIII.  REQUESTED RELIEF

WHEREFORE, the United States requests:

a.  that the Court adjudge and decree that Defendant's acquisitions of Werner Inc. voting securities from May 14, 2007, through February 11, 2020, were violations of the HSR Act, 15 U.S.C. § 18a; and that Defendant was in violation of the HSR Act each day from May 14, 2007, through April 3, 2020;

b.  that the Court order Defendant to pay to the United States an appropriate civil penalty as provided by the Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104 134 § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461), and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 85 Fed. Reg. 2014 (January 14, 2020);

c.  that the Court order such other and further relief as the Court may deem just and proper; and

d.  that the Court award the United States its costs of this suit.

Dated: December 22, 2021

FOR THE PLAINTIFF UNITED STATES
OF AMERICA:

| | |
|---|---|
| /s/ Jonathan S. Kanter | /s/ Maribeth Petrizzi |
| Jonathan S. Kanter<br>Assistant Attorney General<br>Department of Justice<br>Antitrust Division<br>Washington, D.C. 20530 | Maribeth Petrizzi<br>D.C. Bar No. 435204<br>Special Attorney<br><br>/s/ Kenneth A. Libby<br>Kenneth A. Libby<br>Special Attorney<br><br>/s/ Kelly Horne<br>Kelly Horne<br>Special Attorney<br><br>Federal Trade Commission<br>Washington, D.C. 20580<br>(202) 326-2564 |